Joanna Ardalan (Bar No. 285384)
jardalan@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone:  (949) 502-2870
Facsimile:   (949) 258-5081

*Attorneys for Plaintiffs,*
BackGrid USA, Inc.
Backgrid London Ltd.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKGRID USA, INC.; BACKGRID LONDON LTD., <br><br> Plaintiff, <br><br> v. <br><br> KANYE WEST; and DOES 1-10, inclusive, <br><br> Defendant. | Case No. 2:24-cv-6730 <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br> **(17 U.S.C. § 501)** <br><br> **DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiffs BackGrid USA, Inc., and Backgrid London Ltd., complain against Defendant Kanye West and Does 1-10 (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for acts of copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), 28 U.S.C. § 1332, and 28 U.S.C. § 1338(a) and (b).

2. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this judicial district, and, on information and belief, the injury suffered by Plaintiffs took place in this judicial district, and Defendants have purposefully directed their activities to California. Defendants are subject to the personal jurisdiction of this Court because of their contacts with the State of California.

## PARTIES

3. Plaintiff BackGrid USA, Inc. ("BackGrid USA") is a corporation existing under the laws of California, with its principal place of business in Los Angeles, California.

4. Plaintiff Backgrid London Ltd. ("BackGrid UK") is a limited company formed under the laws of the United Kingdom, with its principal place of business in London, England.

5. On information and belief, Defendant Kanye West ("West"), is an individual who resides in Los Angeles, California.

6. The true names or capacities, whether individual, corporate, or otherwise, of the Defendants named herein as Does 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.

## FACTS COMMON TO ALL COUNTS

*Backgrid and the Photographs that Frame This Dispute*

7. BackGrid USA and BackGrid UK own and operate Hollywood's largest celebrity-photograph agencies, rightfully earning a reputation of regularly breaking scoops on sought-after celebrity news. They own the intellectual property rights, including the copyrights, to photographs that have been licensed to numerous top-tier outlets, such as TMZ, Entertainment Tonight, New York Post, People Magazine, Huffington Post, the Daily Mail, as well as many television stations, newspapers, and other prominent media outlets throughout the world. Each license has been granted for valuable consideration, up to hundreds of thousands of dollars.

8. Among many other in-demand works, BackGrid USA and BackGrid UK own coveted photographs of Kanye West and his partner, Bianca Censori, (the "Kanye Photographs") among many others. Each plaintiff obtained copyright registrations for their respective works. The copyright registrations attached hereto as Exhibit A-1 relate to the photos owned by BackGrid USA and the copyright registrations attached hereto as Exhibit A-2 relate to the photos owned by BackGrid UK. Exhibits A-1 and A-2 also note which photographs were registered within 90 days of their first publication with the United States Copyright Office, and thus are timely registered.

*Defendant and His Willfully Infringing Activity*

9. Defendant West, now known as Ye, is a rapper, singer, songwriter, record producer, and fashion designer. On information and belief, West is one of the world's best-selling artists, having sold over 160 million records and having won 24 Grammy Awards. In 2013, West launched Yeezy, a fashion brand that sells elevated hoodies, tracksuits and other casual clothing, and launched the website www.yeezy.com.

10. Defendant West's career relies heavily on the strictures of copyright law as an artist and entrepreneur, and therefore is on notice of the requirements to

3
**COMPLAINT**

obtain a license prior to exploiting the works of others. Moreover, West has confronted numerous copyright infringement lawsuits, including in *Sudano v. West,* 2:24-cv-01586 (C.D. Cal. 2024); *Bobb-Semple v. Kanye West,* 2:19-cv-01682-FMO-gjs (C.D. Cal. 2019). *Ultra International Music Publishing, LLC v. West*, 2022-cv-05560 (S.D.N.Y. 2022); *Moten v. Def Jam Recordings, et al.,* 3:22-cv-00991-K (N.D. Tex. 2022); *Phase One Network, Inc. v. Ye*, 1:22-cv-09511 (S.D.N.Y. 2022). As such, Defendants knew that they could not use BackGrid's photographs without permission.

11. Defendants reproduced, distributed, displayed, and created unauthorized derivative works of the Kanye Photographs on his Kanye West / Ye Instagram account and on Yeezy.com without consent or license, as shown in Exhibit B-1 (BackGrid USA) and Exhibit B-2 (BackGrid UK), which is incorporated herein by reference.

12. Defendants violated federal law by willfully infringing BackGrid's copyrights to at least 10 Kanye Photographs on, at least, his Instagram Account and on the Yeezy website, yeezy.com. At least eight of the Kanye Photographs are owned by BackGrid USA and at least two are owned by BackGrid UK.

13. Defendants induced, caused, or materially contributed to the reproduction, distribution, and public display of the Kanye Photographs and derivatives thereof, all while knowing or having reason to know of the infringement on the Website was without permission, consent, or license.

14. On information and belief, Defendants operate and control the Kanye West / Ye Instagram Accounts, @kanyewest and @ye respectively, and the Yeezy.com website at all times relevant to this dispute and financially benefit from the infringement of the Kanye Photographs displayed thereto. On information and belief, Defendants has driven significant traffic to his Instagram accounts and Yeezy website, and therefore increased his revenues, in large part due to the presence of the sought after and searched-for Kanye Photographs that frame this dispute. All of this

traffic translates into substantial ill-gotten commercial advantage and brand awareness as a direct consequence of their infringing actions.

15. BackGrid USA and BackGrid UK each attempted to resolve this dispute prior to filing this above captioned action.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement, 17 U.S.C. § 501)

### Backgrid USA Against All Defendants

16. BackGrid USA incorporates by reference the allegations in paragraphs 1 through 15 above.

17. BackGrid USA is the owner of all rights, title, and interest in the copyrights of the Kanye Photographs contained in Exhibits A-1 and B-1, which substantially consist of wholly original material, and which are copyrightable subject matter under the laws of the United States.

18. BackGrid USA filed for copyright registration of the Kanye Photographs with the United States Copyright Office.

19. Defendants have directly, vicariously, contributorily and/or by inducement willfully infringed BackGrid USA's copyrights by reproducing, displaying, distributing, and utilizing the Kanye Photographs for purposes of trade in violation of 17 U.S.C. § 501 *et seq.*

20. All of the Defendants' acts are and were performed without permission, license, or consent of BackGrid USA.

21. BackGrid USA has identified at least eight instances of infringement by way of the unlawful reproduction and display of BackGrid USA's photographs.

22. As a result of the acts of Defendants alleged herein, BackGrid USA has suffered substantial economic damage.

23. Defendants have willfully infringed, and unless enjoined, will continue to infringe BackGrid USA's copyrights by knowingly reproducing, displaying, distributing, and utilizing its photographs by, among other things, virtue of

Defendants' encouragement of the infringement and financial benefits they receive from BackGrid USA's copyrights.

24. The wrongful acts of Defendants have caused, and are causing, injury to BackGrid USA, which cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, BackGrid USA will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, BackGrid USA seeks a declaration that Defendants are infringing BackGrid USA's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement.

25. The above-documented infringements alone would entitle BackGrid to a potential award of up to $150,000 per work in statutory damages for each of the nine infringed photographs, in addition to its attorney's fees.

## SECOND CLAIM FOR RELIEF
## (Copyright Infringement, 17 U.S.C. § 501)
## Backgrid UK Against All Defendants

26. BackGrid UK incorporates by reference the allegations in paragraphs 1 through 25 above.

27. BackGrid UK is the owner of all rights, title, and interest in the copyrights of the Kanye Photographs contained in Exhibits A-2 and B-2, which substantially consist of wholly original material, and which are copyrightable subject matter under the laws of the United States.

28. BackGrid UK filed for copyright registration of the Kanye Photographs with the United States Copyright Office.

29. Defendants have directly, vicariously, contributorily and/or by inducement willfully infringed BackGrid UK's copyrights by reproducing, displaying, distributing, and utilizing the Kanye Photographs for purposes of trade in violation of 17 U.S.C. § 501 *et seq.*

30. All of the Defendants' acts are and were performed without permission, license, or consent of BackGrid UK.

31. BackGrid UK has identified at least two instances of infringement by way of the unlawful reproduction and display of BackGrid UK's photographs.

32. As a result of the acts of Defendants alleged herein, BackGrid UK has suffered substantial economic damage.

33. Defendants have willfully infringed, and unless enjoined, will continue to infringe BackGrid UK's copyrights by knowingly reproducing, displaying, distributing, and utilizing its photographs by, among other things, virtue of Defendants' encouragement of the infringement and financial benefits they receive from BackGrid UK's copyrights.

34. The wrongful acts of Defendants have caused, and are causing, injury to BackGrid UK, which cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, BackGrid UK will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, BackGrid UK seeks a declaration that Defendants are infringing BackGrid UK's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement.

35. The above-documented infringements alone would entitle BackGrid to a potential award of up to $150,000 per work in statutory damages for each of the nine infringed photographs, in addition to its attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That the Defendants, and their officers, agents, servants, employees, and representatives, and all persons in active concert or participation with them, be permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all Photographs of BackGrid;

2. That an accounting be made for all profits, income, receipts or other benefit derived by Defendants from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. § 504 (a)(1) & (b);

3. For actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement, removal, and for all damages suffered by it by reasons of Defendant's acts, under 17 U.S.C. § 504 (a)(1) & (b);

5. For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(a)(2) & (c);

6. For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505;

7. For costs and interest pursuant to 17 U.S.C. § 504 (a)(1) & (b), 17 U.S.C. § 505; and

8. For any such other and further relief as the Court may deem just and appropriate.

Dated:  August 8, 2024                         ONE LLP

                                               By:  /s/ Joanna Ardalan
                                                    Joanna Ardalan

                                               *Attorneys for Plaintiffs,*
                                               BackGrid USA, Inc.
                                               Backgrid London Ltd.

# DEMAND FOR JURY TRIAL

Plaintiff BackGrid USA, Inc., hereby demands trial by jury of all issues so triable under the law.

Dated:  August 8, 2024                    **ONE LLP**


By:  /s/ Joanna Ardalan
　　　Joanna Ardalan

*Attorneys for Plaintiffs,*
BackGrid USA, Inc.
Backgrid London Ltd.